

JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 5151

------------------------------------------------------------------------------X

STEVE ROBBINS,

**COMPLAINT**

Plaintiff,

Jury Trial Demanded

-against-

CITY OF NEW YORK, and JOHN and JANE DOE
through 10, individually and in their official capacities
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

Index No.:

RECEIVED
JUN 0 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Defendants,

------------------------------------------------------------------------------X

Plaintiff STEVE ROBBINS, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

### Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitution of the State of New York

and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.       The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth, and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     At all relevant times, plaintiff STEVE ROBBINS was a resident of the County of Bronx in the City and State of New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

12.     Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On March 10, 2007, at approximately 2:30 a.m., plaintiff STEVE ROBBINS was lawfully in the vicinity of Castle Hill Avenue near Bruckner Blvd., in the County of Bronx, State of New York.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or any just cause physically attacked the plaintiff, thereby subjecting the plaintiff to excessive force. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein. Plaintiff was arrested and brought to the NYPD 43rd Precinct, where he was forced to walk through the precinct in handcuffs with his pants down around his ankles. Furthermore, the defendants unjustifiably sprayed pepper spray into plaintiff's face, and thereafter physically attacked plaintiff by banging his head on the sink when he attempted to wash his face and eyes in the bathroom. While plaintiff was treated by EMS in police custody, he was intimidated by the defendants into refusing further medical treatment at a hospital out of fear that his arrest would get lost in the system.

15.     As a result of the foregoing, plaintiff STEVE ROBBINS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**Federal Claims**

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

19.     All of the aforementioned acts deprived plaintiff STEVE ROBBINS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

23.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff STEVE ROBBINS' constitutional rights.

25.    As a result of the aforementioned conduct of defendants, plaintiff STEVE ROBBINS was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

26.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.    Defendants had an affirmative duty to intervene on behalf of plaintiff STEVE ROBBINS, whose constitutional rights were being violated in their presence by other officers.

28.    The defendants failed to intervene to prevent the unlawful conduct described herein.

29.    As a result of the foregoing, plaintiff STEVE ROBBINS was put in fear of his safety, he was humiliated, and subjected to unjustified physical abuse and tight handcuffing. Further, plaintiff sustained severe and permanent physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

30.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.    The supervisory defendants personally caused plaintiff's constitutional injury by

5

being deliberately or consciously indifferent to the rights of others in failing to properly
supervise and train their subordinate employees.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

32.    Plaintiff repeats, reiterates and realleges each and every allegation contained in
paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.    The defendants conduct herein was an abuse of executive power so clearly
unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth
Amendment.

34.    As a result of the foregoing, plaintiff STEVE ROBBINS was deprived of his
liberty and right to substantive due process, causing severe and permanent emotional and
physical injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in
paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.    Defendants, collectively and individually, while acting under color of state law,
engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective
municipality/authority, which is forbidden by the Constitution of the United States.

40.    The aforementioned customs, policies, usages, practices, procedures and rules of
the City of New York Police Department included, but were not limited to, physically abusing
citizens without justification and then using intimidation to discourage victims of police brutality
from seeking medical treatment and otherwise documenting injuries received at the hand so
police officers.  In addition, the City of New York engaged in a policy, custom or practice of

inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff STEVE ROBBINS'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

41.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff STEVE ROBBINS.

42.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff STEVE ROBBINS as alleged herein.

43.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff STEVE ROBBINS as alleged herein.

44.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff STEVE ROBBINS was unlawfully beaten, and subjected to physical abuse and tight handcuffing.

45.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff STEVE ROBBINS'S constitutional rights.

46.    All of the foregoing acts by defendants deprived plaintiff STEVE ROBBINS of federally protected rights, including, but not limited to, the right:

7

A.    To be free from excessive force;

B.    To be free from the failure to intervene; and

C.    To receive equal protection under law.

47.    As a result of the foregoing, plaintiff STEVE ROBBINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

48.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

50.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

51.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

52.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

53.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

54.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.    As a result of the foregoing, plaintiff STEVE ROBBINS was placed in apprehension of imminent harmful and offensive bodily contact.

56.    As a result of defendant's conduct, plaintiff STEVE ROBBINS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

57.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.    Defendants made offensive contact with plaintiff without privilege or consent.

59.    As a result of defendant's conduct, plaintiff STEVE ROBBINS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

60.    Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

9

62.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

63.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

64.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff STEVE ROBBINS.

65.    As a result of the aforementioned conduct, plaintiff STEVE ROBBINS suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

66.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.    Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff STEVE ROBBINS.

68.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

69.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.    Upon information and belief the defendant City of New York failed to use

reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the beating and physical abuse of plaintiff STEVE ROBBINS.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

71.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

78.     As a result of the foregoing, plaintiff STEVE ROBBINS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

11

**WHEREFORE**, plaintiff STEVE ROBBINS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
      June 3, 2008

                        LEVENTHAL & KLEIN, LLP
                        45 Main St., Suite 230
                        Brooklyn, New York 11201
                        (718) 722-4100

                        By: _____
                            BRETT H. KLEIN

                        Attorneys for Plaintiff Steve Robbins

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

STEVE ROBBINS,

                                        Plaintiff,

          -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1
through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                        Defendants,

-------------------------------------------------------------------------------X


## COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for STEVE ROBBINS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100