UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

STEVE ROBBINS,

                                Plaintiff,

-against-

CITY OF NEW YORK, and JOHN and JANE DOES 1
through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                Defendants.

------------------------------------------------------------------- x

**ANSWER TO COMPLAINT ON BEHALF OF THE CITY OF NEW YORK**

08 CV 5151 (RJS)

**JURY TRIAL DEMANDED**

        Defendant City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke jurisdiction as stated therein.

        4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        5. The allegations set forth in paragraph "5" of the complaint do not contain averments of fact, and therefore do not warrant a response.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admits the allegations in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City maintains a police department and respectfully refers the plaintiff to the NYC Charter and Administrative Code for a further recantation of the police department's functions.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint as it pertains to unidentified police officers.

10. Defendant City states that the allegations set forth in paragraph "10" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

11. Defendant City states that the allegations set forth in paragraph "11" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

12. Defendant City states that the allegations set forth in paragraph "12" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff was arrested on March 10, 2007, and thereafter transported to the 43rd precinct.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "17" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "15", inclusive of this answer, as if fully set forth herein.

17. Defendant City states that the allegations set forth in paragraph "18" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

18. Denies the allegations set forth in paragraph "19" of the complaint.

19. Defendant City states that the allegations set forth in paragraph "20" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

20. Denies the allegations set forth in paragraph "21" of the complaint.

21. Denies the allegations set forth in paragraph "22" of the complaint.

22. In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "21", inclusive of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "24" of the complaint.

24. Denies the allegations set forth in paragraph "25" of the complaint.

25. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "24", inclusive of this answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph "27" of the complaint.

27. Denies the allegations set forth in paragraph "28" of the complaint.

28. Denies the allegations set forth in paragraph "29" of the complaint.

29. In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "28", inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "31" of the complaint.

31. In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "30", inclusive of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "33" of the complaint.

33. Denies the allegations set forth in paragraph "34" of the complaint.

34. In response to the allegations set forth in paragraph "38" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "33", inclusive of this answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "39" of the complaint.

36. Denies the allegations set forth in paragraph "40" of the complaint.

37. Denies the allegations set forth in paragraph "41" of the complaint.

38. Denies the allegations set forth in paragraph "42" of the complaint.

39. Denies the allegations set forth in paragraph "43" of the complaint.

40. Denies the allegations set forth in paragraph "44" of the complaint.

41. Denies the allegations set forth in paragraph "45" of the complaint.

42. Denies the allegations set forth in paragraph "46" of the complaint and all of its subparts therein.

43. Denies the allegations set forth in paragraph "47" of the complaint.

44. In response to the allegations set forth in paragraph "48" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "43, inclusive of this answer, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "49" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about June 8, 2007 and was assigned Claim No. 2007PI017054.

46. Denies the allegations set forth in paragraph "50" of the complaint, except admits that the claim has not been paid or adjusted.

47. Denies the allegations set forth in paragraph "51" of the complaint, except admits that the complaint was filed with the Court on or about June 4, 2008.

48. Denies the allegations set forth in paragraph "52" of the complaint.

49. Defendant City states that the allegations set forth in paragraph "53" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

50. In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "49", inclusive of this answer, as if fully set forth herein.

51. Denies the allegations set forth in paragraph "55" of the complaint.

52. Denies the allegations set forth in paragraph "56" of the complaint.

53. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "52", inclusive of this answer, as if fully set forth herein.

54. Denies the allegations set forth in paragraph "58" of the complaint.

55. Denies the allegations set forth in paragraph "59" of the complaint.

56. In response to the allegations set forth in paragraph "60" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "55", inclusive of this answer, as if fully set forth herein.

57. Denies the allegations set forth in paragraph "61" of the complaint.

58. Denies the allegations set forth in paragraph "62" of the complaint.

59. Denies the allegations set forth in paragraph "63" of the complaint.

60. Denies the allegations set forth in paragraph "64" of the complaint.

61. Denies the allegations set forth in paragraph "65" of the complaint.

62. In response to the allegations set forth in paragraph "66" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "61", inclusive of this answer, as if fully set forth herein.

63. Denies the allegations set forth in paragraph "67" of the complaint.

64. Denies the allegations set forth in paragraph "68" of the complaint.

65. In response to the allegations set forth in paragraph "69" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "64", inclusive of this answer, as if fully set forth herein.

66. Denies the allegations set forth in paragraph "70" of the complaint.

67. In response to the allegations set forth in paragraph "71" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "66", inclusive of this answer, as if fully set forth herein.

68. Denies the allegations set forth in paragraph "72" of the complaint.

69. In response to the allegations set forth in paragraph "76" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "68", inclusive of this answer, as if fully set forth herein.

70. Defendant City states that the allegations set forth in paragraph "77" of the complaint are legal conclusions, not averments of fact, and therefore do not warrant a response.

71. Denies the allegations set forth in paragraph "78" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

72.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

73.     Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

74.     Plaintiff's claims are barred in whole or in part because plaintiff failed to comply with G.M.L. §§ 50(e), (h) and (i).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

75.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendant City.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

76.     There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

77. Punitive damages are not available against the defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

78. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

79. To the extent plaintiff asserts state law claims against defendant City, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

80. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**WHEREFORE,** defendant City of New York respectfully requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 2, 2008

>MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York
100 Church Street
New York, New York 10007
(212) 788-0899
>
>By: _____
Stuart E. Jacobs (SJ 8379)
Assistant Corporation Counsel
Special Federal Litigation Division

To:   VIA ECF
Brett H. Klein, Esq.
Leventhal & Klein
Attorneys for Plaintiff
45 Main Street, Suite 820
New York, NY 11201

08 CV 5151 (RJS)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVE ROBBINS,

Plaintiff,

-against-

CITY OF NEW YORK, and JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

---

**ANSWER ON BEHALF OF DEFENDANT THE CITY OF NEW YORK**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Stuart E. Jacobs*
*Tel: (212) 788-0899*
*NYCLIS No.*

---

*Due and timely service is hereby admitsted.*

*New York, N.Y. ..............................................., 2008 . . .*

*.................................................................Esq.*

*Attorney for ........................................................*